# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10509

United States Court of Appeals
Fifth Circuit

**FILED**

February 12, 2018

Lyle W. Cayce
Clerk

CHARGING BISON, L.L.C.,

Plaintiff–Appellant,

versus

INTERSTATE BATTERY FRANCHISING & DEVELOPMENT, INCORPORATED,

Defendant–Appellee.

Appeal from the United States District Court
for the Northern District of Texas
No. 3:16-CV-3479

Before REAVLEY, SMITH, and OWEN, Circuit Judges.

PER CURIAM:[*]

Charging Bison, L.L.C., and Interstate Battery Franchising & Development, Incorporated, entered into a franchise agreement under which the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10509

former would operate a retail battery store. That agreement, still in effect, includes an arbitration clause but with a carveout for disputes "involving the propriety of any termination." Charging Bison claimed it was entitled to termination and damages because, among other things, Interstate Battery had procured the agreement by fraud. Interstate responded by demanding arbitration. Charging Bison moved to stay arbitration on the ground that its demand for termination fell within the carveout.

In a careful Memorandum Opinion and Order, the district court denied Charging Bison's motion to stay arbitration. The court properly noted that "[w]hen addressing questions of arbitrability, whether the parties have agreed to arbitrate a particular dispute, all doubts concerning the scope of the arbitration clause . . . should be resolved in favor of arbitration" (citing Supreme Court decisions). The court ruled that "the plain meaning of [the carveout provision] does not cover anticipatory terminations of the franchise agreement."

We have examined the briefs, the applicable law, and pertinent parts of the record and have heard the arguments of counsel. The district court was correct to rule that arbitration must proceed as a matter of law. The order denying a stay of arbitration is AFFIRMED, essentially for the reasons comprehensively stated by the district court.